### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR94** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **JUAN GARCIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a supporting brief (Filing Nos. 431, 433). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

The Defendant, Juan Garcia, pleaded guilty to Count I of the Second Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute methamphetamine, a mixture or substance containing methamphetamine, and a mixture or substance containing cocaine. (Filing No. 296.) The plea agreement stated that the parties agreed on the quantity of drugs attributable to Garcia placing him within total offense level 34. (Filing No. 289, ¶ 6.) The plea agreement also stated the government's belief that a 4-level role enhancement should apply because Garcia was an

organizer/leader in the conspiracy, and the Defendant's belief that Garcia should receive a role reduction. (Filing No. 289, ¶ 7.) The PSR assessed a 4-level role enhancement against Garcia under U.S.S.G. § 3B1.1(a) for being an organizer or leader of an offense involving 5 or more participants or that was otherwise extensive. (Filing No. 350, ¶ 82.) Defense counsel objected to the role enhancement (Filing No. 321), and the issue was heard at sentencing through the government's presentation of testimony from Agent Nellis. (Filing No. 369.) Garcia's objection to the role enhancement was overruled. (Filing No. 353.)

Garcia filed a direct appeal, and on January 11, 2008, the Eighth Circuit Court of Appeals affirmed this Court's judgment. (Filing Nos. 413, 414.) The issues argued on appeal were the following: Garcia was entitled to a 3-level role enhancement rather than a 4-level enhancement; and at sentencing the Court failed to consider the factors listed in 18 U.S.C. § 3553(a). (Filing No. 413.) Garcia timely filed his § 2255 motion.

## DISCUSSION

Garcia argues that his counsel was ineffective in the following ways: trial counsel failed to raise an *Apprendi* issue at sentencing (Claim One); trial counsel failed to challenge Agent Nellis's testimony at sentencing (Claim Two); and appellate counsel failed to raise certain issues on appeal (Claim Three). Garcia's request for an evidentiary hearing is raised as Claim Four.[1]

---

[1]In Garcia's brief he also argues that trial counsel was ineffective for not arguing the issue of drug quantity at sentencing. (Filing No. 433, at 11-13.) The parties recommended in the plea agreement that the drug quantity was 9,271 kilograms of marijuana equivalent. (Filing No. 289, ¶ 6.) The PSR reflects a quantity of 7,348.32 kilograms of marijuana equivalent. (Filing No. 350, ¶ 79.) The base offense level is 34 for both amounts. Garcia cannot prove either prong of the *Strickland* test with respect to this argument.

2

In order to establish ineffective assistance of counsel, a defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. Garcia's claims of ineffective assistance of counsel are discussed below.

### *Apprendi*

Garcia argues that his attorney was ineffective for failing to raise an *Apprendi* objection to the 4-level role enhancement imposed under U.S.S.G. § 3B1.1(a). The purpose of an *Apprendi* objection is to require that facts increasing a sentence beyond the statutory maximum penalty be found by a jury beyond a reasonable doubt. *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). Garcia was sentenced to 168 months, and his statutory maximum penalty was life imprisonment. Therefore, his sentence did not violate *Apprendi*. Garcia cannot prove either prong of the *Strickland* test, and this claim is denied.

### *Agent Nellis's Testimony*

Agent Nellis testified in support of the role enhancement. Garcia argues that his attorney was ineffective for not objecting to Agent Nellis's hearsay testimony regarding statements made to the agent made by cooperating witnesses. Agent Nellis testified that he listened to wiretapped conversations and was aware of surveillance performed as part of the investigation that resulted in Garcia's arrest. While his testimony included a few instances of statements made by cooperating witnesses, Agent Nellis testified primarily to

his impression of the relationship of Garcia among the individuals involved in the drug conspiracy based on his investigation of the conspiracy.  First, the rules of evidence do not apply at sentencing proceedings.  Fed. R. Evid. 1101(d)(3).  Moreover, even if the rules of evidence did apply, the individuals to whom various statements were attributed would be considered coconspirators and, therefore, their statements would be admissible as an exception to the hearsay rule under Federal Rule of Evidence 801(d)(2)(E). *United States v. Campos,* 87 F.3d 261, 264 (8th Cir. 1996).  Garcia cannot prove either prong of the *Strickland* test, and this claim is denied.

### *Failure to Raise Claim on Appeal (Claim Three)*

Garcia argues that counsel was ineffective for failing to raise the issues discussed above on appeal.  The Eighth Circuit has stated the following with respect to counsel's choice of appellate issues:

> When appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain a ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims. Because one of appellate counsel's important duties is to focus on those arguments that are most likely to succeed, counsel will not be held to be ineffective for failure to raise every conceivable issue. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."

*Link v. Luebbers,* 469 F.3d 1197, 1205 (8th Cir. 2006).

Counsel competently appealed Garcia's case.  Garcia cannot prove either prong of the *Strickland* test, and the claim is denied.

## CONCLUSION

Because it plainly appears from the record that Garcia cannot satisfy the *Strickland* test as discussed above with respect to any of his claims, his § 2255 motion is summarily denied.  Garcia's request for an evidentiary hearing is denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 431);

2. The Defendant's Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 431) is summarily denied;

3. The Defendant's request for an evidentiary hearing (Filing No. 431) is denied; and

4. The Clerk is directed to mail a copy of this memorandum and order to the Defendant at his last known address.

DATED this 30th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge